UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COREY THOMAS                                                                CIVIL ACTION

VERSUS                                                                      NUMBER: 16-4661

JEFFERSON PARISH CORRECTIONAL                                               SECTION: "I"(5)
CENTER, ET AL.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was initially filed in the United States District Court for the Western District of Louisiana and was thereafter transferred to this District pursuant to the provisions of 28 U.S.C. §1406. (Rec. doc. 4). *Pro se* Plaintiff, Corey Thomas, is an inmate of the David Wade Correctional Center ("DWCC") in Homer, Louisiana, who was previously confined at the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana. He named as Defendants herein the JPCC and "JPCC Medical" regarding an incident that allegedly occurred at that facility in November of 2014 when a rusty shower bar fell and fractured his left foot and he was subsequently denied prompt and adequate medical care. (Rec. doc. 1). Plaintiff requests five million dollars in monetary damages. (*Id.* at p. 4).

Plaintiff has initiated this suit *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915. (Rec. doc. 6). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, correctional facilities like JPCC are not considered to be "persons" within the meaning of §1983 as it is a building and not an entity or person who is capable of being sued as such. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (5th Cir. 1998). In a similar vein, departments of prison facilities like "JPCC Medical" are not considered to be "persons" under §1983. *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *2-3 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011); *Jacobson v. Gusman*, No. 09-CV-3695, 2009 WL 2870171 at *2 (E.D. La. Aug. 10, 2009), *adopted*, 2009 WL 2957961 (E.D. La. Aug. 26, 2009). In the absence of any specifically named jail personnel who allegedly violated Plaintiff's constitutional rights, there are no appropriate juridical persons before the Court against whom judgment may properly be entered. *Howard*, 2011 WL 6130763 at *2-3; *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006).[1/] In light of these authorities, it will be

---

[1/] To the extent that Plaintiff complains of events that occurred in November of 2014, it appears that any §1983 claims with respect to them are barred by the one-year prescriptive period set forth in Article 3492 of the Louisiana Civil Code. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Although Plaintiff signed his complaint on November 7, 2015 (rec. doc. 1, p. 4), he did not execute the accompanying application to proceed IFP until December 17, 2015 (rec. doc. 2, pp. 3-5) and the pauper application was not certified by prison bank officials until December 28, 2015. (Rec. doc. 2, p. 6). Furthermore, the envelope in which the complaint and pauper application were mailed is postmarked January 22, 2016 and the mailing was received by the Western District on January 25, 2016. (Rec. doc. 1-2, p. 1).

recommended that Plaintiff's complaint against the JPCC and "JPCC Medical" be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 19th day of May, 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

3